■ In the Matter of the Arbitration between WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC., Respondent, and ENRIQUE NAVARRO, as President of Local 2, International Union of Police Protection Employees — Independent Watchman's Association, et al., Appellants.— Judgment, Supreme Court, New York County, entered on December 30, 1970, unanimously reversed, on the law, and vacated, the petitioner's motion for a stay of arbitration is denied and respondents-appellants' cross petition to compel arbitration is granted. Respondents-appellants shall recover of petitioner-respondent $30 costs and disbursements of this appeal. The demand for arbitration was made pursuant to a collective bargaining agreement containing a broad arbitration clause providing for arbitration of " Any dispute, claim or grievance arising out of or relating to the interpretation or application of any provision of this Agreement or to the alleged breach thereof ". The appellant sought arbitration on the issue of whether the petitioner-respondent had complied with the provision of the agreement between the parties relating to changes in applicable minimum wage laws. The appellants urge that the provisions of section 8(g) as above described are applicable to all employees including those employees denominated as 8(b) employees (employees first employed on or after February 11, 1969). The petitioner urges that the provisions of section 8(g) are applicable only to those employees denominated as 8(a) employees, i.e., those employees hired prior to February 11, 1969. While section 8(g) of the agreement does deal extensively with the scheduling of increases for section 8(a) employees without mentioning specifically 8(b) employees, nevertheless, the first paragraph of section 8(g) contains no restriction as to the application of that paragraph as to section 8(a) employees. And by its language section 8(g) was worded as applicable " for the benefit of the employees." Special Term decided that the provisions of section 8(g) were not intended to cover section 8(b) employees and therefore granted a motion for a stay. In so doing, Special Term was in error for it decided the merits of the controversy between the parties which pursuant to statute it may not do. (CPLR 7501.) There is clearly in dispute the interpretation of a provision of the collective bargaining agreement. Such dispute is within the scope of the arbitration clause. Any interpretation of that provision which by agreement has been made the subject of arbitration should be made by the arbitrators and not by the court (see Eager, Arbitration Contract and Proceedings, § 21 and cases cited therein). Concur — McGivern, J. P., Nunez, Murphy, Tilzer and Eager, JJ.

## (June 29, 1971)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE TRIEF, Respondent, et al., Defendants.—

No opinion. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ. [65 Misc 2d 272.]